

ENTERED
02/18/2016

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| HUGO MANUEL WILLIAMS | § | CASE NO: 15-70612 |
| Debtor | § | |
| | § | CHAPTER  13 |

## MEMORANDUM OPINION
## GRANTING MAGIC VALLEY SERVICES, INC. & RAMIRO GONZALEZS' MOTIONS REQUESTING ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY & CO-DEBTOR STAY
### [*Resolving ECF No. 17 & 18*]

## I.     INTRODUCTION

The instant case presents a question that is a matter of first impression for this Court. Magic Valley Services, Inc. ("***Magic Valley***"), a secured creditor in this case, has brought its Motion Requesting Order Confirming Termination of the Automatic Stay and Co-Debtor Stay, [ECF No. 17], and contemporaneous to Magic Valley's motion, secured creditor Ramiro Gonzalez ("***Gonzalez,***" collectively "***Creditors***") filed his Motion Requesting Order Confirming Termination of the Automatic Stay and Co-Debtor Stay (collectively, the "***Motions***").  [ECF No. 18].  The question is as follows: should the Court confirm that the Automatic Stay is not in effect or has been terminated in the Debtor's bankruptcy case?  This Court considers the Motions, the arguments presented in a hearings on this matter held February 12, 2016 and February 17, 2016, all other evidence in the record, and relevant case law and determines that the answer is yes and that the Motions should be **GRANTED**.

## II.     PROCEDURAL BACKGROUND

Hugo Manuel Williams ("**Debtor**") is on his third bankruptcy,[1] two, including the instant case, having been filed within the prior year.  Debtor filed the instant bankruptcy on November

---

[1] Prior cases:  15-70336 and 07-70496.

30, 2015.  [Case No. 15-70612, ECF No. 1].  Pursuant to 11 U.S.C. § 362 (the "**_Automatic_**

**_Stay_**"), Debtor was required to file a motion and obtain an order extending or imposing the

automatic stay, as applicable, within the first 30 days after filing his bankruptcy petition.

Therefore, the issues for this memorandum opinion are: (1) whether Debtor filed such a motion

and obtained such an order; and (2) if not, what the current status of the Automatic Stay is.

### III.    FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to

Federal Rules of Bankruptcy Procedure 7052, which incorporates Fed. R. Civ. P. 52, and 9014.

To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To

the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

1.      Debtor's prior bankruptcy case, Case No. 15-70336, was filed on July 6, 2015,

[Case No. 15-70336, ECF No. 1], and dismissed on October 20, 2015, [ECF No. 47], for failure

to timely file schedules or a plan.  [ECF No. 28].  Furthermore, according to the Motions, Debtor

was in arrears on his payments to the chapter 13 trustee.  [Case No. 15-70612, ECF No. 17 at ¶

2; 18 at ¶ 2].

2.      In the instant bankruptcy, Debtor filed his petition for relief under chapter 13 of

title 11 of the United States Code (the "**_Bankruptcy Code_**" or "**_Code_**")[2] on November 30, 2015,

thereby initiating Case No. 15-70612.  [ECF No. 1].

3.      On Schedule A, filed on November 30, 2015, Debtor listed "Primarose Estates

UT 2 Lot 67" as his homestead (the "**_Homestead Property_**").  _Id._ at 9.  Debtor also claimed the

Homestead Property as exempt under Texas law.  _Id._ at 14.

4.      On December 30, 2015, the time to file a motion to extend or impose the

---

[2] Any reference to "_Code_" or "**_Bankruptcy Code_**" is a reference to the United States Bankruptcy Code, 11 U.S.C., or
any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

Automatic Stay expired.

5.      On January 4, 2016, Magic Valley filed its Motion Requesting Order Confirming Termination of the Automatic Stay and Co-Debtor Stay.  [ECF No. 17].  Magic Valley's motion asserts a lien on Lot 67 Primarosa Estates Subdivision No. 2, an addition to the City of Edinburg as shown by the map or plat thereof recorded in Volume 47, Pg. 68-69 Map Records, Hidalgo County Texas and the improvements thereon.  [ECF No. 1 at 9, 14; 17 at ¶ 3].  Magic Valley states that Debtor is ten months in arrears for payments on the Homestead Property. Additionally, Magic Valley asserts that it has paid the 2015 ad valorem taxes on the Homestead Property.  [ECF No. 17 at ¶ 3].  Magic Valley's motion requests that this Court hold a hearing to confirm the expiration of the automatic stay, noting that the Debtor has not filed a motion to extend the automatic stay within the statutory 30-day limit.  *Id.* at ¶ 4.

6.      Also on January 4, 2016, Gonzalez filed his Motion Requesting Order Confirming Termination of the Automatic Stay and Co-Debtor Stay, [ECF No. 18], and it is substantially the same as Magic Valley's motion.  *Compare* [ECF No. 17] *with* [ECF No. 18].  Gonzalez asserts a Mechanic's & Materialman's Lien against the Homestead Property and states that the Debtor was 13 months in arrears.  *Id.* at ¶ 3.  Gonzalez also requests that this Court hold a hearing to confirm that the Automatic Stay has been terminated in the instant case.

7.      The Motions included negative notice language, as required by BLR 9013-1(b), and thus require a party opposing the motion to file a response within 21 days thereof.  The 21 days for a response to be filed expired on January 25, 2016 without a response being filed by Debtor.

8.      On February 12, 2016, this Court conducted an evidentiary hearing (the "***Hearing I***").  At the Hearing I, Debtor, without the aid of his attorney, Mr. Raul E. Mora ("***Mr. Mora***"),

who failed to appear, testified and Counsel for both Creditors offered exhibits to be admitted.

     9.     Exhibits offered at the Hearing:

          a.     Counsel for Creditors offered and moved to admit two exhibits. Both exhibits were admitted at the Hearing I:

              i.  Exhibit A: Case No. 15-70036-M-13 Docket Sheet

              ii.  Exhibit B: Case No. 15-70612-M-13 Docket Sheet

     10.     Debtor testified to the following:

          a.     Debtor stated that he had spoken with his Mr. Mora during a meeting at Mr. Mora's office, but was unsure why Mr. Mora failed to appear.

          b.     This Court questioned Debtor as to his understanding of the nature of the proceeding and Debtor confirmed that he did understand.

          c.     Debtor stated that he was confused, but proceeded to discuss the merits and progress of the present bankruptcy case. This Court redirected Debtor, as the proceeding was not on the feasibility of the present bankruptcy case.

          d.     Debtor responded to this Court's redirect by stating that he did not understand why Mr. Mora had not filed a motion to extend the Automatic Stay.

     11.     As a result of the foregoing, this Court reset the instant matter to February 17, 2016 at 9:00 A.M., [ECF Nos. 33, 34], at which time this Court intended to take up the matter and question Mr. Mora about his failure to attend the initial Hearing.

     12.     On February 17, 2016, this Court conducted its second evidentiary hearing (the "***Hearing II***"). At Hearing II, Debtor, again without the aid of Mr. Mora, who again no-showed, was sworn in and testified. Counsel for Creditors appeared and, again, was ready to present arguments on behalf of Creditors. This Court proceeded to hear the matter, as it had already

been continued a first time.  No additional evidence was presented or admitted.

a.  Debtor stated that he met with Mr. Mora at his office the prior day, presumably February 16, 2016, to review paperwork for filing.  At that meeting, according to Debtor, Debtor and Mr. Mora specifically discussed the pending Hearing II. Debtor was unclear as to why Mr. Mora again failed to appear.

b.  Counsel for Creditors presented his argument, which, in essence, was presenting the two exhibits as evidence of Debtor having had two pending bankruptcy cases within the prior year and that the docket revealed no motion to extend having been filed within the first 30 days of the pending bankruptcy case.  Counsel also stated that the chapter 13 trustee's report indicated that Debtor was $1,800.00 behind in payments to the trustee in the instant case.

c.  Debtor testified to the following:

i.  Debtor testified about his arrearages for the present bankruptcy and steps taken to cure.

ii.  In response to this Court's questioning, Debtor stated that he understood what Creditors were seeking: the confirmation of the termination of the Automatic Stay due to the lack of a motion filed to extend the Automatic Stay in the instant case, since it was Debtor's second bankruptcy pending in the prior year.

iii.  Debtor further stated that he did not know what the motion to extend was and that he did not know what was going on.  Debtor postulated that perhaps if he had another attorney a motion to extend might have been filed.

## IV.    Legal Standard

Section 362 provides that a stay, which is applicable to all entities, is automatically applied whenever a debtor files a petition for bankruptcy, whether voluntary or involuntary.  11 U.S.C. § 362(a) (the "***Automatic Stay***").  The Automatic Stay prohibits a variety of actions against the debtor and the debtor's property.  § 362(a)(1)-(8).  The Automatic Stay persists through the pendency of the case or the time of discharge in a chapter 7 for individuals and for all debtors in chapters 9, 11, 12, or 13.  § 362(c)(2)(A-C).  However, the Automatic Stay is subject to certain restrictions when the debtor has had one or more cases pending within a year prior to filing the current petition.  § 362(c)(3)(a) & (4)(A).  When a debtor has two or more cases pending within a year prior to filing the current petition, the Automatic Stay is not ever in automatic effect.  § 362(c)(4)(A)(i).

However, § 362(c)(3)(A), which is applicable in the instant case, provides a different limitation on the Automatic Stay.  Section 362(c)(3)&(3)(A), when read in *pari materia*, states that:

> if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

§ 362(c)(3)&(3)(A).  However, within the first 30 days of filing a case, a debtor may request that a court continue the Automatic Stay beyond the 30-day automatic stay grace period, but the court may only grant such relief and impose the Automatic Stay on

> any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

§ 362(c)(3)(B); *see also In re Little Creek Development Co.*, 779 F.2d 1068, 1072-73 (5th Cir.

1986) (discussing the standard for good faith in the bankruptcy code and stating that "[d]etermining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities").  A court, when considering a debtor's request for the continuation of the Automatic Stay, is required to evaluate the debtor's evidence rebutting the presumption that the petition has not been filed in good faith under a "clear and convincing" evidentiary standard. § 362(c)(3)(C).  The presumption that the petition has not been filed in good faith is created, as to all creditors, when the debtor has been shown to have met any of the following:

> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

>> (bb) provide adequate protection as ordered by the court; or

>> (cc) perform the terms of a plan confirmed by the court; or

> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

>> (aa) if a case under chapter 7, with a discharge; or

>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed;

§ 362(c)(3)(C)(i)(I)-(III).  For creditors that have sought relief from the Automatic Stay in a previous case for the same debtor, the same presumption is maintained when, "as of the date of dismissal of such case, such action was still pending or had been resolved by terminating,

conditioning, or limiting the stay as to such action of such creditor." § 362(c)(3)(C)(ii).[3]   A party in interest may request that the court confirm that the Automatic Stay has been terminated when a debtor fails to comply with the provisions of §§ 362(c)(3) or (c)(4). § 362(j).  Upon such a request, the court "shall issue an order under subsection (c) confirming that the automatic stay has been terminated." *Id.*; *see also* 7 William L. Norton, Jr. & William L. Norton, III, eds., *Norton Bankr. L. & Prac*. 3d § 143:5 (discussing how an order pursuant to § 362(j) is also termed as a "comfort order" when requested by creditors).

## V.   CONCLUSIONS OF LAW

### a.  Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11."  11 U.S.C. § 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. The Southern District of Texas employs a standing "Order of Reference to Bankruptcy Judges," which provides for the automatic referral of bankruptcy cases to bankruptcy courts.   *In re: Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012). This is a core matter for the purpose of § 157, which provides that bankruptcy judges may issue final orders or judgments where the matter is determined to be core. Section 157 enumerates a non-exclusive list of core matters, which includes "matters concerning the administration of the estate."  28 U.S.C. § 157. The decision to grant or deny a motion to confirm the termination of the Automatic Stay is a core matter that arises only under title 11.  Therefore, jurisdiction is proper by the statutory provisions governing bankruptcy courts.

---

[3] § 362(c)(3)(C)(ii) states that "as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor."

This Court may only hear a case in which venue is proper. Venue with respect to cases under title 11 is governed by 28 U.S.C. § 1408, which designates that venue may hold wherever "in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity…" In his petition, Debtor designates his principal place of residence as Edinburg, Texas. Therefore, venue is proper.

### b.  Constitutional Authority To Enter A Final Order

This Court also has an independent duty to evaluate whether it has the constitutional authority to sign a final order.  *Stern v. Marshall*, 131 S. Ct. 2594 (2011).  In *Stern v. Marshall*, the Supreme Court considered the constitutional limitations that Article III imposes upon § 157's grant of final order and judgment powers to non-Article III courts.  *Id.*  The Supreme Court held that § 157 violated Article III to the extent that it authorized final judgments on certain matters. *Id.* at 2616.  The Court found that the particular bankruptcy ruling in dispute did not stem from bankruptcy itself, nor would it necessarily be resolved in the claims allowance process, and it only rested in a state law counterclaim by the estate.  *Id.* at 2618.  The Court reasoned that bankruptcy judges are not protected by the lifetime tenure attribute of Article III judges, but they were performing Article III judgments by judging on "all matters of fact and law" with finality. *Id.* at 2618-19.  Hence, the Court held that Article III imposes some restrictions against a bankruptcy judge's power to rule with finality. The Court found that a solely state law based counterclaim, while statutorily within the bankruptcy judge's purview, escaped a bankruptcy court's constitutional power.  *Id.* at 2620.  This Court reads *Stern* to authorize final judgments only where the issue is rooted in a right created by federal bankruptcy law or the resolution of which relies on the claims allowance process. In other words, this Court may issue final judgments and orders where the issue "arises in" or "arises under" bankruptcy, but not where the

issue is merely "related to" bankruptcy.  *See* 28 U.S.C. § 157.  However, even where the case does create a "Stern problem," Article III will be satisfied where the parties to the case knowingly and voluntarily consent to the bankruptcy court's power to issue final judgments. *Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015).

The matter at bar requires this Court to evaluate two creditor motions requesting confirmation of the status of the Automatic Stay with respect to Debtor and his spouse, a matter which solely concerns federal bankruptcy law.  *See* 11 U.S.C. § 362.  Therefore, this Court holds constitutional authority to enter a final order and judgment with respect to the core matter at bar.

### c.   Debtor Has Failed to Request Extension of the Automatic Stay

Here, the analysis is very simple – the only issue is whether the Debtor has filed a motion and obtained an order, as required by § 362(c)(3)(B), to extend the Automatic Stay.  At Hearing I, Counsel for Creditors offered and admitted evidence documenting that Debtor had another pending bankruptcy case that was dismissed in the prior year.  Creditor argued that Debtor had failed to file a motion to extend the Automatic Stay, pursuant to § 362(c)(3)(B), in the pending case.  Def. Ex. B.  A review of the docket in the instant case confirms that no such motion has been filed by Debtor or any party in interest.  By operation of law, the Automatic Stay expired as to all creditors on December 30, 2015, when the Debtor failed to file his request within the statutorily allotted timeframe.  § 362(c)(3)(A).  Section 362(j) is extremely clear in what is required upon a showing that the Automatic Stay expired on the 30th day of the case without the Debtor having filed a request to extend and a party in interest has filed a request for a court's confirmation that the Automatic Stay is terminated.  The instant case presents such a scenario, which obliges, pursuant to § 362(j), this Court to issue an order confirming that the Automatic Stay is terminated.

Accordingly, this Court determines that, by operation of § 362(c)(3)(A), the Automatic Stay is terminated as to *all creditors*. Therefore, this Court holds that Creditors' Motions are **GRANTED**.

## VI.    CONCLUSION

Magic Valley and Gonzalez, as secured creditors with claims against Debtor's Homestead Property, came before this Court seeking an expedited hearing to confirm the status of the Automatic Stay as to Debtor's bankruptcy case. This Court considered the arguments presented and the filings by the parties. A simple review of the docket confirms what the Creditors posited – Debtor failed to file a timely motion to extend, or alternatively to impose, the Automatic Stay and obtain an order granting such a motion within the statutory timeframe. Therefore, this Court **CONFIRMS** that Debtor's Automatic Stay and co-debtor's stay terminated at December 30, 2015 as to Magic Valley and Gonzalez, respectively, for their interests in collateral property, the Homestead Property, and the Motions are **GRANTED**.


An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 02/18/2016.

Eduardo V. Rodriguez
United States Bankruptcy Judge